WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Sherrill,<br><br>             Plaintiff,<br><br>v.<br><br>Martin Bressor, et al.,<br><br>             Defendants. | No. CV-23-02708-PHX-ROS<br><br>**ORDER** |

      Plaintiff Patrick Sherrill and Defendant Martin Bressor worked together at the Veterans Affairs Medical Center in Phoenix. In 2021 and 2022, Sherrill filed claims with the Equal Employment Opportunity Commission and other government entities regarding Bressor's conduct. Bressor then sued Sherrill in state court for defamation. After that case was removed to federal court, Bressor voluntarily dismissed his claim. Sherrill then filed the present suit, alleging Bressor's earlier suit was improper. Bressor seeks to dismiss this suit, arguing the amount in controversy is not sufficient to establish diversity jurisdiction and that Sherrill's legal theories are flawed. The complaint contains sufficient factual allegations regarding the amount in controversy and Bressor's arguments regarding the complaint's legal theories do not merit dismissal. Therefore, the motion to dismiss will be denied.

**BACKGROUND**

      From 2020 to September 2022, Sherrill worked at the VA in Phoenix. Bressor was Sherrill's "supervisor's supervisor." (Doc. 1 at 2). In 2021, Sherrill submitted a complaint

to the Veterans Affairs Office of Accountability and Whistleblower Protection regarding "discriminatory hiring practices by Bressor." (Doc. 1 at 3). Bressor learned of that complaint and Bressor allegedly retaliated against Sherrill. Those retaliatory acts prompted Sherrill to file additional complaints with the same office as well as complaints with the EEOC and the VA's Office of Resolution Management. Bressor then filed suit against Sherrill in state court.

Bressor's original state court complaint, filed on September 28, 2022, alleged a single claim for "defamation of character." (CV-23-1382, Doc. 1-4 at 6). The complaint alleged Sherrill had stated Bressor "would never hire a person with PTSD." (Doc. 1-10 at 36). The complaint recounted additional statements, including statements Sherrill had made in his official filings with the EEOC and other entities. (CV-23-1382, Doc. 1-10 at 36-37). Sherrill filed a motion to dismiss arguing some of the statements identified in the complaint could not be the basis for a defamation claim because those statements were made in official proceedings. Sherrill also argued Bressor's claim was barred by the statute of limitations.

The state court granted Sherrill's motion to dismiss with leave to amend. The state court reasoned the complaint alleged the defamation claim was based on a single statement, but the complaint did not identify which of the various statements was that single statement. The state court also noted that depending on which of the statements was at issue, the defamation claim might be untimely. The state court explained defamation claims are subject to a one-year statute of limitations and therefore any statements "before September 28, 2022[1], would not be actionable under Arizona law." (CV-23-1382, Doc. 1-10 at 3). A few weeks after that order, Bressor filed an amended complaint. (CV-23-1382, Doc. 1-4 at 2). The amended complaint contained largely the same set of allegations, but the amended complaint made clear the defamation claim was based exclusively on a statement by Sherrill that "Bressor had been disciplined for making statements regarding veterans with PTSD." (CV-23-1382, Doc. 1-4 at 6).

---

[1] This appears to have been a typo and the state court likely meant September 28, 2021.

After the amended complaint was filed in state court, the United States removed the case to federal court. The United States believed Bressor's claim was based on actions Sherrill took within the scope of his employment at the VA. (CV-23-1382, Doc. 1 at 2). Thus, the United States believed Bressor's claim should be viewed as a claim under the Federal Tort Claims Act ("FTCA"). Pursuant to the FTCA, the United States was substituted as the named defendant and the United States then filed a motion to dismiss. That motion argued the FTCA did not allow defamation claims but, even if it did, Bressor had not exhausted his administrative remedies before filing suit. (CV-23-1382, Doc. 5). On July 31, 2023, ten days after the motion to dismiss was filed, Bressor filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (CV-23-1382, Doc. 9).

Around the time Bressor dismissed his complaint, Sherrill moved to Utah. Sherrill alleges that move was "because of the harassment and abuse that Bressor had subjected Sherrill to." (Doc. 1 at 6). On December 27, 2023, Sherrill filed the present case in this court based on diversity jurisdiction. The complaint identifies Sherrill as a "resident" of Utah and Bressor as a "resident" of Arizona.[2] Sherrill alleges two claims under Arizona law: "wrongful institution of civil proceedings" and "abuse of process." Both of these claims are based on Bressor's earlier suit. Sherrill alleges the earlier suit caused him to suffer more than $75,000 in damages based on "significant emotional distress, financial harm," and damage to his reputation. (Doc. 1 at 10). Bressor filed a motion to dismiss, arguing the complaint's allegations regarding the amount in controversy are not sufficient but, even if they are, Sherrill's legal theories are not viable.

---

[2] "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Therefore, allegations regarding residency are not sufficient to establish diversity jurisdiction. However, the complaint also alleges Sherrill moved to Utah to get away from Bressor. Accordingly, it seems likely the parties have diverse citizenships. To ensure the citizenship requirement is met, the parties must comply with Federal Rule of Civil Procedure 7.1(a)(2) that requires all parties in a diversity case file a statement identifying their citizenship.

**ANALYSIS**

**I.     Diversity Jurisdiction**

Federal courts have diversity jurisdiction over "civil actions between . . . citizens of different States where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Bressor argues the amount in controversy requirement is not met because there are not "specific, factual allegations" substantiating Sherrill's allegation he suffered more than $75,000 in damages. (Doc. 8 at 5). Because Sherrill filed this case in federal court, Bressor faces a high burden in challenging the amount in controversy.

When a case is originally filed in federal court, "the amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). When looking to the "face" of a complaint, the amount of damages a plaintiff alleges is insufficient only if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* The Ninth Circuit recognizes "three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). The present case does not fall under any of these situations.

The parties have not identified a contract that might limit Sherrill's damages, nor have they identified a "rule of law or measure of damages" that might limit Sherrill's damages. In addition, there is no indication or argument that Sherrill alleged the amount in controversy "merely to obtain federal jurisdiction." *Id.* Sherrill's alleged damages are based on "significant emotional distress, financial harm," and damage to his reputation. Such damages are hard to quantify but it is far from a "legal certainty" that Sherrill will be unable to recover more than $75,000. *See Tarter v. Bendt*, 2021 WL 282265, at *12 (Ariz. Ct. App. 2021) (discussing award of $150,000 for reputational harm). Therefore, the

amount in controversy requirement for diversity jurisdiction is satisfied.

**II.     Wrongful Institution of Civil Proceedings**

Sherrill's first claim is for wrongful institution of civil proceedings. That claim requires allegations supporting five elements. The defendant must have: "1) instituted a civil action which was (2) motivated by malice, (3) begun without probable cause, (4) terminated in plaintiff's favor and (5) damaged plaintiff." *Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 758 P.2d 1313, 1319 (Ariz. 1988). Bressor challenges the sufficiency of the complaint on only the fourth element requiring "favorable termination." According to Bressor, that requirement can be met only if the earlier suit "was decided on the merits." (Doc. 8 at 6). Because Bressor voluntarily dismissed his earlier suit before any ruling on the merits, he believes Sherrill's current allegations are not sufficient. Arizona does not interpret "favorable termination" the way Bressor proposes.

The favorable termination element requires looking to "the substance rather than the form of prior events." *Frey v. Stoneman*, 722 P.2d 274, 279 (Ariz. 1986). A plaintiff choosing to voluntarily dismiss a case may be viewed as "a confession that the case was without merit." *Id.* In that situation, the "favorable termination" element is met. *See Lane v. Terry H. Pillinger, P.C.*, 939 P.2d 430, 432 (Ariz. Ct. App. 1997) (noting voluntary dismissal "*may under some circumstances*" be a favorable termination). Alternatively, voluntarily dismissing a case may not reflect anything about the merits, such as when a plaintiff decides "to forgive and forget." *Frey*, 722 P.2d at 279. In that situation, the "favorable termination" element is not met. The allegations and arguments in the current case, as well as the record in the earlier suit, establish Bressor's voluntary dismissal of his suit can plausibly be construed as satisfying the "favorable termination" element.

Bressor dismissed his case shortly after the United States filed a motion to dismiss presenting two arguments. The United States argued Bressor's defamation claim was not actionable under the FTCA and, even if actionable, Bressor had not exhausted his administrative remedies before filing suit. Bressor now argues he voluntarily dismissed the case only so that he could pursue his administrative remedies. That argument, however,

establishes Bressor's decision to name Sherrill as the defendant was improper. Once he exhausts his administrative remedies, Bressor plans to initiate another suit asserting the same claim based on Sherrill's conduct. Thus, Bressor plans to pursue a FTCA claim. In that situation, the only proper defendant will be the United States. *See Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The United States is the only proper defendant in an FTCA action."). Having confirmed that is his intent, Bressor' decision to identify Sherrill as the defendant, instead of the United States, was doomed from the start.

Bressor's original claim against Sherrill was flawed for a related reason regarding the FTCA. Bressor sued Sherrill for defamation. Bressor now argues he will pursue that claim against the United States once he exhausts his administrative remedies. But it is well-established the FTCA "does not permit suits against the United States for defamation." *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1117 (9th Cir. 2003). *See also Roundtree v. United States*, 40 F.3d 1036, 1039 n.2 (9th Cir. 1994) (noting defamation claim "is barred by the express language of the FTCA"). Accordingly, Bressor's defamation claim, even after he exhausts his administrative remedies, has no chance of success against the United States.[3]

In summary, Bressor's original complaint alleged a claim against the wrong party and, once the correct party was substituted, Bressor's claim was doomed as a matter of law. Under these circumstances, Bressor's choice to dismiss his claim may plausibly be viewed as "a confession that the case was without merit." *Frey v. Stoneman*, 722 P.2d 274, 279 (Ariz. 1986). Accordingly, Sherrill's claim for wrongful institution of civil proceedings will be allowed to proceed.[4]

---

[3] Bressor argues he does "not agree Sherrill was acting within his scope of employment" when Sherrill committed the allegedly wrongful acts, but Bressor concedes the certification by the Attorney General means there is a "rebuttable presumption" in favor of that conclusion. (Doc. 8 at 2). Bressor plans to "challenge" that presumption once his administrative remedies are exhausted. Bressor would be free to make such a challenge but there is no requirement he exhaust his administrative remedies before doing so. *De Martinez v. Lamagno*, 515 U.S. 417, 434 (1995) (holding scope of employment certifications are subject to judicial review). In fact, if Bressor believed Sherrill was not acting within the scope of his employment the most appropriate time to raise that issue was in Bressor's original suit.

[4] This conclusion may need to be revisited upon development of the record.

### III. Abuse of Process

Sherrill's second claim is for abuse of process. Bressor argues this claim is barred by the statute of limitations or, if timely, the claim fails for some other unidentified reason.

Arizona law explicitly identifies "malicious prosecution"[5] claims, as subject to a one-year statute of limitations. A.R.S. § 12-541(1). That statute does not mention abuse of process claims. Bressor argues, however, that malicious prosecution and abuse of process claims are so similar that they must be subject to the same statute of limitations. The Arizona Court of Appeals has addressed and rejected this exact argument. *Zeman v. Brian H. Baumkirchner*, 2016 WL 3176442, at *2 (Ariz. Ct. App. 2016).[6] That court noted "malicious prosecution" and "abuse of process are "separate and distinct" claims. *Id.* And while the one-year limitations period found in A.R.S. § 12-541 "expressly covers" claims for malicious prosecution, that statute "does not mention abuse of process" claims. *Id.* The Arizona Court of Appeals concluded the failure to mention abuse of process claims indicated an intentional choice. Therefore, A.R.S. § 12-542, the statute of limitations that "governs general tort actions," was deemed applicable to abuse of process claims. *Id.*

The Court has not located any Arizona authority disagreeing with the interpretation of Arizona law in *Zeman*. Moreover, this Court previously relied on *Zeman* to conclude "[t]he statute of limitations for an abuse of process claim in Arizona is two years." *See also Sport Collectors Guild Inc. v. Bank of Am. NA*, 2017 WL 3050979, at *7 (D. Ariz. 2017). Based on available authority, the Arizona Supreme Court would apply a two-year limitations period to an abuse of process claim. Bressor filed his state court complaint on September 28, 2022, and the present suit was filed on December 27, 2023, well within the

---

[5] Arizona courts often use the terms "malicious prosecution" and "wrongful institution of civil proceedings" interchangeably. *See Giles v. Hill Lewis Marce*, 988 P.2d 143, 145 n.1 (Ariz. Ct. App. 1999).

[6] Bressor argues this is an unpublished case that cannot be cited. Arizona allows for citations to unpublished decisions only "for persuasive value, but only if it was issued on or after January 1, 2015." Ariz. Sup. Ct. R. 111(c)(1)(C). The decision was issued in 2016, meaning it may be cited under Arizona rules. But, in any event, it is unlikely the Arizona Supreme Court rule regarding citation of unpublished cases would govern in federal court. *See, e.g.*, *Emps. Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though such opinions have no precedential value.").

two-year statute of limitations.

Bressor presents another argument seeking dismissal of the abuse of process claim but Bressor's argument is not sufficiently clear to allow for discussion. In a section of his motion to dismiss titled "Lack of Probable Cause," Bressor provides quotations from five Arizona cases. Those quotations are not accompanied by any analysis. Instead, after quoting the five cases Bressor argues:

> [Sherrill] has alleged that good faith offers of an equitable remedy in conjunction with an acceptance of nominal monetary relief is somehow related to a malicious intent and can *only* be explained as an improper motive and not within the scope of tort law. We disagree.

(Doc. 8 at 9) (emphasis in original). This sentence appears to contain errors as, on its face, it argues Sherrill is pursuing a theory "not within the scope of tort law" but Bressor "disagree[s]." Presumably Sherrill is not, in fact, arguing his abuse of process tort claim is outside "the scope of tort law." But if Sherrill were arguing that point, presumably Bressor would be happy to agree.

Whatever the scope of Bressor's alternative argument for dismissing the abuse of process claim, his reply does not contain any discussion of the argument. Instead, Bressor's reply argues only the statute of limitations issue. (Doc. 10 at 5-6). The Court "will not manufacture arguments for [a party]." *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). Absent meaningful development of an argument for dismissing the abuse of process claim, the claim will be allowed to proceed.[7]

### IV. Leave to File Surreply

Sherrill filed a motion seeking leave to file a surreply. (Doc. 11). Sherrill believes Bressor's reply included "false statements and misrepresentations" and the surreply would "correct the record." (Doc. 11 at 1-2). Bressor opposes the motion, claiming his reply offered "no new information" from what he asserted in his motion to dismiss. (Doc. 12 at 2). There is no need to correct the record. Therefore, the request to file the surreply will

---

[7] Bressor also seeks an award of attorneys' fees. (Doc. 8 at 9). That request is premature and will be denied.

be denied.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 8) is **DENIED IN FULL**.

**IT IS FURTHER ORDERED** the Motion to File Surreply (Doc. 11) is **DENIED**.

Dated this 16th day of April, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge